Minute Order Form (06/9...)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1183 | **DATE** | 12/30/2003 |
| **CASE TITLE** | Michael Cannon vs. Danny Jaimet | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's petition for writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| TH | courtroom deputy's initials | 03 DEC 29 PM 11:57 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# ¹IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CANNON, | ) | |
| | ) | **DOCKETED** |
| Petitioner, | ) | |
| | ) | DEC 3 0 2003 |
| v. | ) No. 00 C 1183 | |
| | ) | |
| DANNY JAIMET, Warden of | ) | |
| Hill Correctional Center¹, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Petitioner Michael Cannon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Cannon's petition is denied.

## PROCEDURAL BACKGROUND

Following a jury trial, Petitioner was convicted in the circuit court of Cook County of attempted murder and aggravated battery with a firearm. The circuit court thereafter sentenced him to 60 years imprisonment.

Petitioner appealed his conviction to the first district appellate court of Illinois. On appeal, Petitioner raised the following issues: 1) certain of the prosecutor's comments during closing argument deprived him of a fair trial; 2) the trial court erred when it refused Petitioner's request for an instruction concerning complainant's use of drugs; 3) the trial court erred in

---

¹ Currently, Danny Jaimet is the Warden at the Hill Correctional Center and is thus the proper respondent in this habeas action. *See* Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254. Therefore, the Court substitutes Jaimet for Jerry Gilmore as the Respondent. *See* Fed.R.Civ.P. 25(d)(1).

1

12

sustaining the State's objection to defense counsel's comment during closing arguments that complainant's use of heroin "slowed down" her metabolism and made her less alert; 4) the trial court erred in admitting evidence of his arrest for another crime, namely retail theft and his use of an alias; and 5) the trial court erred in giving an "other crimes" instruction incorporating the issue of consciousness of guilt. (R.11-1, Exhibits to Respondent's Answer, Exs. A & B.) On November 4, 1994, the appellate court affirmed Petitioner's conviction. (*Id.*, Ex. E.) On December 22, 1994, the appellate court denied Petitioner's motion for rehearing. (*Id.*, Ex. F.)

Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court. On April 5, 1995, the Illinois Supreme Court denied his petition.

On June 30, 1995, Petitioner filed a petition for post-conviction relief. (*Id.*, Ex. G.) The petition included, among other things, a supplement to the petition for post-conviction and other relief. (*Id.*, Ex. G.) In his petition, Petitioner raised the following issues: 1) he was denied effective assistance of trial counsel where a) trial counsel failed to object to an improper "other crimes" instructions given to the jury, b) trial counsel failed to object to and properly argue objections to a flight instruction, c) trial counsel failed to object to inflammatory and prejudicial arguments by the prosecution, d) trial counsel failed to present exonerative testimony from Petitioner's co-defendant, e) trial counsel failed to utilize available impeachment evidence as to the complainant, f) trial counsel failed to object to hearsay evidence, g) trial counsel failed to object to the admission of improper hearsay and victim impact evidence at Petitioner's sentencing, h) trial counsel failed to present available evidence in mitigation at Petitioner's sentencing, i) trial counsel failed to interview and call further alibi witnesses; 2) appellate counsel rendered ineffective assistance where appellate counsel failed to raise issues meritorious

to Petitioner's appeal, including issues relative to Petitioner's excessive sentence; 3) trial counsel's improper argument denied Petitioner due process of law; 4) the trial court deprived Petitioner of a fair sentencing hearing and due process through the admission of erroneous and prejudicial evidence; and 5) newly discovered evidence exists which contradicts the State's evidence at trial. Petitioner requested a hearing on these issues. On October 2, 1995, the trial court dismissed the petition as frivolous and patently without merit, and because all "points raised in the Petition were or could have been raised on appeal." (*Id.*, Ex. H.)

On June 10, 1997, Petitioner appealed to the first district appellate court. Petitioner argued: 1) the trial court erred in summarily dismissing Petitioner's petition for post-conviction relief where Petitioner's claims of ineffective assistance of counsel were supported by the record; 2) trial counsel was ineffective where a) trial counsel failed to object and properly argue the flight instruction which deprived Petitioner of a fair and impartial trial, b) trial counsel failed to object to and properly argue the other crimes evidence instruction which deprived Petitioner of a fair and impartial trial, c) trial counsel failed to object to improper and prejudicial remarks, misstatements of law and fact, personal opinions of credibility, and racially motivated arguments of the prosecutor, d) trial counsel failed to investigate and present the exculpatory testimony of co-defendant Dennis Oatis, e) trial counsel failed to investigate, interview and subpoena all of Petitioner's alibi witnesses, f) trial counsel failed to object to the State's discovery violation, thereby denying Petitioner due process, and g) trial counsel failed to object to improper hearsay and improper victim impact evidence at sentencing; 3) Petitioner's appellate counsel rendered ineffective assistance by failing to raise the issues of ineffective assistance of trial counsel on appeal; and 4) the trial court erred in not considering Petitioner's claim of actual innocence. (*Id.*,

Ex. I.) On December 17, 1998, the appellate court affirmed Petitioner's conviction. (*Id.*, Ex. L.)

Petitioner filed a petition for leave to appeal to the Illinois Supreme Court. In his petition, Petitioner alleged: 1) the appellate court erred in not concluding that the trial court erred when it summarily dismissed the petition for post-conviction relief where Petitioner's 25 allegations of ineffective assistance of counsel were supported by an affidavit; 2) trial counsel rendered ineffective assistance where: a) trial counsel failed to object and properly argue the flight instruction, depriving Petitioner of a fair and impartial trial, b) trial counsel failed to object to and properly argue the other crimes evidence instruction, depriving Petitioner of a fair and impartial trial, and c) trial counsel failed to object to improper and prejudicial remarks, misstatements of law and facts, personal opinions of credibility, and racially motivated argument; and 3) appellate counsel rendered ineffective assistance where counsel failed to raise issues of trial counsel's ineffective assistance. (*Id.*, Ex. M.) On March 31, 1999, the Illinois Supreme Court denied Petitioner's petition for leave to appeal. (*Id.*, Ex. N.)

On February 29, 2000, Petitioner filed his petition for writ of habeas corpus. Respondent filed its answer on April 14, 2000. On April 20, 2000, the court gave Petitioner until May 12, 2000 to file a reply. To date, Petitioner has failed to file a reply.[2]

Construing his *pro se* habeas petition liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001), Petitioner asserts the following claims in his petition: 1) he was denied due process and his Sixth Amendment right to effective assistance of trial counsel where trial counsel failed to object and properly preserve an issue involving the jury instruction on flight; 2)

---

[2] This case was originally assigned to the Honorable John F. Grady. On April 7, 2000, it was reassigned to the Honorable Blanche M. Manning. On August 30, 2002, the case was reassigned to this Court.

4

he was denied due process and the right to effective assistance of counsel where trial counsel failed to object and to preserve the issue of an improper jury instruction on other crimes evidence; 3) he was denied due process and the right to effective assistance of counsel where counsel failed to object to the prosecutor's improper and prejudicial remarks, misstatements of law and facts, personal opinions of credibility, and racially motivated argument; 4) Petitioner was denied due process and the right to the effective assistance of trial counsel where counsel failed to investigate and present the testimony of the co-defendant, who was a material witness in the case; 5) Petitioner was denied the effective assistance of counsel where counsel failed to interview and present all of Petitioner's alibi witnesses in order to present a cohesive case; 6) Petitioner was denied due process and the effective assistance of counsel by the State's failure to notify counsel of an alleged statement by the complaining witness before trial; 7) Petitioner was denied the effective assistance of trial counsel at the sentencing stage where the State was allowed to present improper hearsay and improper victim impact evidence; 8) Petitioner was denied the effective assistance of counsel on direct appeal where counsel failed to raise an issue regarding the effective assistance of trial counsel; 9) Petitioner was denied due process where the trial court refused to consider newly discovered evidence Petitioner obtained after trial and presented in his post-conviction petition; and 10) Petitioner was denied due process when the circuit court denied him the opportunity to prove his actual innocence of the charges against him.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as

determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405, 120 S. Ct. at 1519. *See also Price v. Vincent*, --- U.S. ---, 123 S. Ct. 1848, 1853, 155 L. Ed. 2d 877 (2003).

With respect to the "unreasonable application" prong under Section 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A state court's application of Supreme Court precedent "must have been more than incorrect or erroneous." *See Wiggins v. Smith*, --- U.S. ---, 123 S. Ct. 2527, 2535, --- L. Ed. 2d --- (2003) (citations omitted). The state court's application is unreasonable if the court's decision was "objectively" unreasonable. *Id.; see also Lockyer v. Andrade*, --- U.S. ---, 123 S. Ct. 1166, 1174, 155 L. Ed. 2d 144 (2003). In order to be considered unreasonable under this standard, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of the case).

Federal habeas courts presume that the state court's findings of fact are correct unless the habeas petitioner rebuts that presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Collier v. Davis*, 301 F.3d 843, 848 (7th Cir. 2002). Petitioner does not challenge

6

the statement of facts set forth in the Illinois appellate court's opinions on both direct and post-conviction appeal, thus the Court presumes the facts are correct and adopts the appellate court's factual findings.

I.  **Procedural Default**

The Court first must determine whether Petitioner Cannon has procedurally defaulted any of his claims. A petitioner's failure to present a constitutional claim to the highest state court to which he may appeal it in the manner required by state law results in a procedural default preventing a federal court from deciding the claim on collateral review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999) (petitioner must give state court full and fair opportunity to resolve federal constitutional claims before federal habeas court can review them). Procedural default also occurs where the state court rejects a petitioner's claim based on an independent and adequate state procedural ground. *See Harris v. Reed*, 489 U.S. 255, 263 (1989) (federal courts cannot review questions of federal law if the state court decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment); *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003) (same). Under Illinois law, waiver is an independent and adequate state court ground. *Wright v. Walls*, 288 F.3d 937, 947 (7th Cir. 2002).

A.  **Claims 4, 5, 6, 7, 9 and 10 Are Procedurally Defaulted**

Petitioner did not raise any of his ineffective assistance of counsel claims on direct appeal. In his post-conviction appeal, he raised numerous issues. Petitioner, however, only raised claims 1, 2, 3 and 8 in his petition for leave to appeal his post-conviction claims to the Illinois Supreme Court. He did not present claims 4, 5, 6, 7, 9 or 10 to the Illinois Supreme

7

Court in his petition for leave to appeal. Accordingly, Petitioner has procedurally defaulted claims 4, 5, 6, 7, 9 and 10.

Petitioner argued in his petition for leave to appeal to the Illinois Supreme Court that the appellate court failed to conclude that the trial court had erred when it summarily dismissed the petition for post-conviction relief where Petitioner had properly supported his 25 allegations of ineffective assistance of counsel with an affidavit. This broad claim is not sufficient to preserve the 25 specific, individual claims for ineffective assistance of counsel raised in Petitioner's post-conviction petition. Petitioner elected to raise only three specific instances of alleged ineffective assistance of counsel in his petition to the Illinois Supreme Court, thus the Court will only entertain those three. It is clear that a federal habeas petitioner must "fully and fairly [present] his federal claims to the state courts . . . ." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). In order to fairly present a claim, a petitioner must "give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* (citations omitted). *See also Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). Petitioner failed to meet his burden regarding claims 4, 5, 6, 7, 9 and 10.

### B. Claims 1, 2 and 3 Are Also Procedurally Defaulted

Under Illinois law, a defendant must raise claims of ineffective assistance of counsel on direct appeal where the evidence needed to resolve those claims is present in the record. *People v. Ivy*, 313 Ill. App. 3d 1011, 246 Ill. Dec. 603, 730 N.E.2d 628, 635 (Ill. App. Ct. 2000). A petitioner waives issues on post-conviction review that he could have raised on direct appeal, but failed to do so. *People v. Mack*, 167 Ill. 2d 525, 531, 212 Ill. Dec. 955, 658 N.E.2d 437, 440 (Ill. 1995).

8

Although Petitioner raised claims 1, 2 and 3 in his post-conviction appeal and in his petition for leave to appeal with the Illinois Supreme Court, these claims are procedurally defaulted. The Illinois appellate court found that Petitioner had waived these claims of ineffective assistance of counsel because he failed to raise them on direct appeal.[3] Waiver is an independent and adequate state court ground.

### C. Cause and Prejudice

Petitioner can overcome procedural default of these claims either by demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or by showing that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991). A fundamental miscarriage of justice is limited to "the extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner Cannon has failed to demonstrate cause or prejudice.

Although Petitioner has not argued that his actual innocence serves as a basis to overcome his procedural default, he does argue that the denial of the opportunity to prove his actual innocence of these charges is a basis for habeas relief. Claims of actual innocence are not cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). A claim of actual innocence or the "fundamental miscarriage of justice exception," however, can be a

---

[3] The Illinois appellate court considered the merits of these claims only in assessing Petitioner's claim of ineffective assistance of appellate counsel. The Illinois appellate court held that it had to consider the merit of these ineffective assistance of trial counsel claims in order to assess the merits of the appellate counsel claim. Given that the Illinois appellate court assessed the merits even after determining that Petitioner had waived these claims, the Court will assess the merits of these federal habeas claims below in section II.

9

gateway for federal habeas courts to review procedurally defaulted claims. *See id.* at 404 (actual innocence claim "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits"). The Court will liberally construe Petitioner's actual innocence argument as a fundamental miscarriage of justice claim to overcome his procedural default.

A fundamental miscarriage of justice occurs only in extraordinary cases where a constitutional violation probably resulted in the conviction of a defendant who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001).

Petitioner argues that he has obtained newly discovered evidence from two witnesses – co-defendant Dennis Oatis and Walter Thomas – that proves his actual innocence of the charges. The Thomas affidavit contains hearsay statements of the victim where she allegedly told Thomas that she was not sure if Petitioner was involved in the shooting because she was high on drugs at the time of the incident. As the appellate court noted, during trial the victim was cross examined about her drug use, including her use of drugs immediately prior to the shooting.

The Oatis affidavit represents that Petitioner "was not involved in the shooting." The appellate court concluded that Oatis's affidavit "was not of such a conclusive character as would probably change the result on retrial. Mr. Oatis was a co-defendant in the case whose testimony would be subject to substantial impeachment."

The Illinois appellate court considered these affidavits and concluded that they did not

10

constitute newly discovered evidence. The court further held that the affidavits, when considered in light of the other evidence in the case, would not change the outcome of the jury's verdict.

Reviewing Petitioner's new evidence in light of all of the evidence presented at trial, Petitioner has not met the threshold requirement that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See Schlup,* 513 U.S. at 329 (standard requires district court to make probabilistic decision about what reasonable, properly instructed jurors would do). Because Petitioner has not made a colorable claim of actual innocence, this claim cannot act as a gateway to a merits determination of his procedurally defaulted claims. *See Herrera,* 506 U.S. at 404.

## II. Merits

The Court will turn to the merits of claims 1, 2, 3 and 8. Each of these claims alleges ineffective assistance of counsel. In order to establish ineffective assistance of counsel, Petitioner must show that: (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984); and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. 2052. If a defendant fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other prong. *See Strickland,* 466 U.S. at 697.

With respect to the first prong, a "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689 (citation and quotations omitted).

11

Under the *Strickland* prejudice prong, Petitioner must establish prejudice by a "reasonable probability." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"The bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one." *Murrell v. Frank*, 332 F.3d 1102, 1111-12 (7th Cir. 2003). The Court "is obligated to . . . to deny the writ, so long as the [Illinois] Court of Appeals 't[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions.'" *Id.* at 1112 (citations omitted).

### A. Claims 1 and 2

Petitioner argues that he was denied effective assistance of counsel where counsel failed to object and properly preserve the issue involving the jury instructions on flight and other crimes evidence. The Illinois appellate court determined that it had decided both of these jury instruction issues on direct appeal where counsel had argued that the trial court erred in giving the flight and other crimes instructions. On direct appeal, the Illinois appellate court found that the trial court did not err in giving these instructions. Consequently, the appellate court on post-conviction review held that Petitioner could not meet either prong of the *Strickland* test. The appellate court noted that counsel's failure to object was not ineffective because the court found the instructions to be proper. The appellate court further noted that given the strength of the State's case, the outcome of the trial would not have been different if the trial court had not given these instructions. The appellate court concluded that Petitioner failed to establish the prejudice prong of *Strickland*. The appellate court also noted that Petitioner was barred by the doctrine of *res judicata* from arguing that the instructions were improper.

12

It is clear that the Illinois appellate court properly stated the standard for ineffective assistance of counsel set forth in *Strickland*. The appellate court's conclusions regarding the flight and other crimes jury instructions were not an objectively unreasonable application of Supreme Court precedent to the facts in this case. Accordingly, Petitioner's claims 1 and 2 are denied.

**B.    Claim 3**

In claim 3, Petitioner argues that he was denied the effective assistance of trial counsel where counsel failed to object to the prosecutor's improper and prejudicial remarks, misstatements of law and facts, personal opinions of credibility, and racially motivated argument. On direct appeal, the Illinois appellate court rejected Petitioner's argument that he was deprived of a fair trial by the prosecutor's argument that he lived on the south side where drug use was not uncommon. The post-conviction appellate court held that this comment was *res judicata* and Petitioner could not satisfy the prejudice requirement of *Strickland* where Petitioner was not denied a fair trial as a result of the comment.

The appellate court noted that it had reviewed each of the allegedly improper remarks to which Petitioner objected and concluded that the trial counsel was not ineffective for failing to object to them. The court noted: "It is well settled that a prosecutor is allowed a great deal of latitude in closing argument and may comment upon the evidence presented and upon reasonable inferences arising therefrom. *People v. Simms*, 168 Ill. 2d 176, 659 N.E.2d 922 (1995); *People v. Hudson*, 157 Ill. 2d 401, 626 N.E.2d 161 (1993). Even if the prosecutor's closing arguments are improper, they do not constitute reversible error unless they result in substantial prejudice to the defendant such that absent those remarks the verdict would have been different." (R.11-1,

13

Exhibits to Respondent's Answer, Ex. L, p. 8-9.) The appellate court then concluded that the jury heard the strong evidence in the case, the comments to which Petitioner referred were scattered throughout a lengthy closing argument, and the trial court properly instructed the jury that closing arguments were not evidence and that the jury should disregard any statement not based on the evidence. Even if the prosecutor's comments were improper, the appellate court found that "we cannot say based on the strength of the state's case, that absent those comments the verdict would have been different." (*Id.*, Ex. L p.9). Accordingly, the appellate court held that Petitioner could not meet the prejudice standard under *Strickland*.

Again, the Illinois appellate court properly stated the standard for ineffective assistance of counsel as articulated in *Strickland*. Petitioner has failed to demonstrate that the appellate court's conclusions regarding the prosecutor's statements were an objectively unreasonable application of Supreme Court precedent to the facts in this case. Accordingly, Petitioner's claim 3 is denied.

### C. Claim 8

Petitioner also argues that his appellate counsel was ineffective for failing to raise the argument that his trial counsel rendered ineffective assistance of counsel. "Appellate counsel's performance is deficient if counsel fails to appeal an issue that is both obvious and clearly stronger than one that was raised." *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2002). The Seventh Circuit has noted that "[i]t is not necessary, however, that appellate counsel raise every non-frivolous issue under the sun." *Id.* (citations and quotations omitted). *See also Howard v.. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000) ("[A]ppellate lawyers are clearly not incompetent when they refuse to follow a 'kitchen sink' approach to the issues on appeals"). Furthermore, "a petitioner demonstrates the requisite prejudice only when appellate counsel fails to raise an issue

14

that may have resulted in a reversal of the conviction, or an order for a new trial." *Id.* (citations and quotations omitted).

The Illinois appellate court correctly noted that appellate counsel is not ineffective for failing to raise an effectiveness of trial counsel issue when that issue has no merit. This finding was neither contrary to existing Supreme Court precedent nor objectively unreasonable. Accordingly, Petitioner's claim 8 fails.

## CONCLUSION

For all the foregoing reasons, the Court denies Petitioner's petition for a writ of habeas corpus.

Dated: December 30, 2003           ENTERED

_____
AMY J. ST. EVE